**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PRIYA GUPTA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:20-cv-3560** |
| | § | |
| **CENTURYLINK, INC., aka LUMEN** | § | |
| | § | |
| **Defendant.** | | |

**PLAINTIFF, PRIYA GUPTA'S, ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** PRIYA GUPTA, hereinafter called Plaintiff, complaining of and about CenturyLink, Inc. hereinafter called "CenturyLink" or "Defendant", and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff PRIYA GUPTA is a citizen of the United States and the State of Texas and resides in Collin County, Texas.

2. Defendant CenturyLink may be served by serving its registered agent, its officer at CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136.

**JURISDICTION**

3. The action arises under the Family Medical Leave Act, breach of contract, and the Fair Labor Standards Act as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under 29 U.S.C. Section 2601 et. seq. to correct violations of the Family Medical Leave Act. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce). This action is in addition being brought under Section 1981 for retaliation based on complaints of race discrimination. Finally, Plaintiff anticipates amending this Complaint to include claims of sex discrimination and retaliation under Title VII and the Texas Labor Code. She currently has a charge pending regarding those claims before the Equal Employment Opportunity Commission, which was filed on or about August 12, 2020.

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with: Plaintiff was employed for at least 12 months by CenturyLink and before her termination and had worked at least 1,250 hours for CenturyLink in the last 12-month period before she was terminated.

## FACTS

7. CenturyLink hired Priya Gupta in 2018 as a Manager for its Sales Engineer team, and Century Link immediately recognized her as an employee who was a "self-starter" who was praised for going above and beyond for customers.

8. In her initial review at CenturyLink, she was specifically lauded for "embod[ing] universal competencies", being very engaged with her clients, going above and beyond in servicing clients, as well as always looking for ways to improve herself, the team and sales results. She was also praised for her experience in making sound decisions, and as being very

accountable for consistently adding value outside her job description. In addition, her review noted that she is "very open and honest in her communication" as she leads her SE and sales team to results.

9. In short, at the beginning of her employment at CenturyLink, she was highly praised for outstanding work. In fact, in her final review from 2018, she was told she had a solid start to her career and that she was adapting well to the culture, system, tools, processes, and people to deliver value for the central SLED organization.

10. Priya was originally hired into a management position – but in January 2019 she was told that the management role she was hired for had to go and she was asked to transition to an individual contributor role. Priya was told she would still report to the same director, maintain her salary, and have a more strategic/client penetration type role.

11. While she did continue to report to the same supervisor at first as an individual contributor, Priya was still expected to, and did, informally manage the Texas engineering team. At no time during her employment did she transfer to a different team – she has just been told that her duties have changed on at least two occasions.

12. Later in 2019, sometime in March, Priya was told she would start reporting to someone who would have been a peer of hers as a management employee – Kelly Dial.

13. After she started reporting to Kelly Dial, Priya began to apply for other jobs within CenturyLink to return to a management role, but when Kelly found out, she asked Priya to stay on the team and help out as they were down a headcount. She told Priya in convincing her to stay that after about 3-4 months they would revisit the conversation on the job duties that were promised to Priya at the time of transition. As a team player, Priya agreed to stay on as requested and stopped looking for other opportunities.

14. During the summer of 2019, Priya applied for and was granted FMLA leave. After taking leave, she felt as if her manager believed she was too dedicated to her family to perform well in her job.

15. Her supervisor made comments regarding childcare as well as caring for her parents and taking leave were based on gender as well as race/national origin/color and not her actual performance. In fact, she was never given specifics regarding what she needed to improve – which was another indication to her that she was being discriminated against and retaliated against for taking protected leave under the Family Medical Leave Act.

16. Despite later seeing comments that make clear Kelly Dial held her protected medical leave against her, during the time she supervised her, Kelly never gave Priya feedback indicating Priya needed to improve performance. Priya was never coached or told that she needed to take certain steps to "improve performance."

17. Because Priya had to take time off to take care of her ailing father, her supervisors on multiple occasions discriminated against her and did not provide equal opportunities as they would to other members of the team who transition to new role. Every employee goes through a 90-day training period when brought into a new position but that was not the case with Priya.

18. Priya noticed that she was called out for situations which were nonissues for other employees who had not taken protected leave – for example, not knowing a particular tool well or asking questions or a baby in the background on an internal call. A toxic work atmosphere was created for her.

19. When she received her 2019 mid-year review, there were specific negative comments relating to taking protected leave:

> 2019 has been an especially challenging year for Priya so far. RIF'd from her SEM position in January, moved to an SE Role that was positioned as managerial and was not, three new leadership structures, and health issues with her parents has made it close to impossible to get any sort of rhythm with her role and her team. She's been on FMLA all summer, so she has not been engaged with her customer base, or her training goals. I believe will still be supporting the same Sales Director and sellers upon her return, assuming she is still interested in being a CenturyLink SLED Sales Engineer. As far as goals, she has quite a bit of mandatory training to catch up on, as well as getting strategically engaged in the refined account base post-segmentation that she doesn't yet know has occurred. Team targets for TBR and SOV are not yet met but improving.
>
> Priya has been out on FMLA all summer, and so much has happened, it will likely be a bit overwhelming upon her return. Organization changes, product rationalization, market segmentation and tools from both sides of the business that were new to her earlier this year and haven't been used in months are going to make for a rough landing upon her return. Relative to the few months that Priya was reporting to me and in role, she met universal competencies, but distractions were impacting her ability to demonstrate urgency and she was not communicating openly or clearly on how much she was struggling, professionally or personally.

20. Priya first complained of gender discrimination by her final supervisor, Mike Renard, to human resources in approximately late November or early December of 2019. After these complaints, Renard's treatment of her worsened.

21. For example, in March 2020, after Priya had complained of discrimination because of gender and race discrimination of her supervisor, Michael Renard, Priya received a vague negative review from him.

22. Priya's complaints were because she felt singled out and punished more harshly than her male peers, who were Caucasian. In addition, Priya felt discriminated against because she had taken medical leave under the FMLA, and she was retaliated against for taking protected leave to help care for her father.

23. Because of this discrimination and retaliation, Priya filed a second complaint with human resources in March 2020. The day after she was told her complaint was being closed, her supervisor told her that she could resign and take a package, or she could wait and be placed on a

PIP and take a lesser package later.

24. Priya stated she would prefer to be placed on a PIP to have the opportunity to improve, but rather than being placed on a PIP she was terminated.

**FAMILY MEDICAL LEAVE ACT**

25. Defendant, CenturyLink, interfered, restrained, or denied Plaintiff her rights under the Family Medical Leave Act.

26. Defendant, CenturyLink, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the Family Medical Leave Act.

27. Plaintiff alleges that Defendant, CenturyLink, willfully discriminated and interfered with Plaintiff's rights under the Family Medical Leave Act.

**RETALIATION AND DISCRIMINATION UNDER 42 U.S.C. § 1981**

28. Defendant, CenturyLink, interfered, restrained, or denied Plaintiff her rights under 42 U.S.C. § 1981 based on retaliation for complaints of race discrimination.

29. Defendant, CenturyLink, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment based on her race (Asian) in violation of 42 U.S.C. § 1981.

30. Plaintiff alleges that Defendant, CenturyLink, willfully discriminated and interfered with Plaintiff's rights under the 42 U.S.C. § 1981.

**DAMAGES**

31. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. All reasonable and necessary Attorney's fees incurred by or on behalf of

Plaintiff;

b. Back pay from the date that Plaintiff was terminated and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

c. All reasonable and necessary costs incurred in pursuit of this suit;

d. Expert fees as the Court deems appropriate;

e. Front pay in an amount the Court deems equitable and just to make Plaintiff whole; and

f. Loss of benefits.

## LIQUIDATED DAMAGES

32. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed willfully. Plaintiff also seeks recovery from Defendant for liquidated damages.

## SPECIFIC RELIEF

33. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a. Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, PRIYA GUPTA, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; liquidated damages, together with interest as allowed

by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ *Edith K. Thomas*

Edith K. Thomas
Texas Bar No. 24060717
E-Mail: edith@edithto thomaslaw.com
777 Main Street
Suite 600
FORT WORTH, TX 76102
Tel. (888) 760-0149
Fax. (972) 692-7988
Attorney for Plaintiff
PRIYA GUPTA